# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

|  |  |
|---|---|
| Jessica Woods and Joshua Evans, | : |
|  | : |
| Plaintiffs, | : |
| v. | : |
|  | : Civil Action No.: 2:13-06467 |
| Oxford Law, LLC; and DOES 1-10, inclusive, | : |
|  | : **Jury Trial Demanded** |
| Defendants. | : |
|  | : |
|  | : |

## COMPLAINT

For this Complaint, the Plaintiffs, Jessica Woods and Joshua Evans, by undersigned counsel, state as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101, et seq. ("WVCCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>**PARTIES**</u>

4.     The Plaintiffs, Jessica Woods (hereafter "Jessica") and Joshua Evans (hereafter "Joshua," and together with Jessica, the "Plaintiffs"), are adult individuals residing in Charlton Heights, West Virginia, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Oxford Law, LLC ("Oxford"), is a Pennsylvania business entity with an address of 311 Veterans Highway, Suite 100A, Levittown, Pennsylvania 19056, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Oxford and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Oxford at all times acted by and through one or more of the Collectors.

<u>**ALLEGATIONS APPLICABLE TO ALL COUNTS**</u>

**A.  <u>The Debt</u>**

8.     The Plaintiffs allegedly incurred a financial obligation in the approximate amount of $532.00 (the "Debt") to Care Credit (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Oxford for collection, or Oxford was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Oxford Engages in Harassment and Abusive Tactics**

12.     Beginning around September 2012, Oxford started contacting Plaintiffs in an attempt to collect the Debt by placing calls to Plaintiffs' residential telephone.

13.     During the initial telephone conversation and all those thereafter, Oxford failed to identify the name of its company and failed to state that the reason for its calls was debt collection.

14.     Rather, in conversations, Oxford misleadingly identified itself as an attorney's office.

15.     During conversations, Oxford accused Joshua of lying and falsely stated Joshua was trying to avoid the Debt.

16.     Furthermore, Oxford threatened Joshua that Oxford would visit the Plaintiffs if they failed to satisfy the Debt.

17.     On at least one occasion, Joshua requested Oxford cease all calls regarding the Debt and correspond only in writing with Plaintiffs.

18.     Despite such request, Oxford continued to call the Plaintiffs repeatedly in its attempt to collect the Debt.

19.     Moreover, Joshua informed Oxford that Plaintiffs had retained legal representation and provided Oxford with their attorney's contact information.

20.     Oxford, however, proceeded to place an additional call to Plaintiffs on March 14, 2013.

21.     Furthermore, Oxford failed to send Plaintiff written validation of the Debt as required by 15 U.S.C. § 1692g.

**C.** **Plaintiffs Suffered Actual Damages**

22.     The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

24.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiffs after having knowledge that the Plaintiff was represented by an attorney.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the consumer.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiffs into believing the communication was from a law firm or an attorney.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

34.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiffs an initial letter within five days of its initial contact with Plaintiff as required by law.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

<u>**COUNT II**</u>

<u>**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT, W. Va. Code § 46A-1-101, et seq.**</u>

38.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Plaintiffs are each a "consumer" as defined by W. Va. Code §§ 46A-1-102(12) and 46A-2-122(a).

40.    The Defendants are "debt collectors" as defined by W. Va. Code § 46A-2-122(d).

41.    The Defendants are "creditors" as defined by W. Va. Code S 46A-5-101(1) and as construed by the Supreme Court of Appeals of West Virginia in *Barr v. NCB Management Services Inc*., 711 S.E.2d 577 (W. Va. 2011).  The Defendants are, therefore, liable for each of the following violations of the West Virginia Consumer Credit and Protection Act.

42.    The Defendants' conduct violated W. Va. Code § 46A-2-123(a) in that Defendants falsely represented that they are a law firm or an attorney.

43.    The Defendants' conduct violated W. Va. Code § 46A-2-124 in that Defendants collected or attempted to collect the Debt by means of threat, coercion or attempt to coerce.

44.    The Defendants' conduct violated W. Va. Code § 46A-2-124(a) in that Defendants used, or expressed or implicitly threatened use of violence or other criminal means to cause harm to Plaintiffs, or to reputation or property of any person.

45.    By violating provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., Defendants' violated West Virginia Consumer Credit and Protection act pursuant to W. Va. Code § 46A-2-124(f).

46.    The Defendants' conduct violated W. Va. Code § 46A-2-125 in that Defendants unreasonably oppressed or abused Plaintiffs in connection with the collection of the Debt.

47.    The Defendants' conduct violated W. Va. Code § 46A-2-125(b) in that Defendants placed telephone calls without disclosure of the caller's identity and with the intent to annoy, harass or threaten the Plaintiffs.

48.    The Defendants' conduct violated W. Va. Code § 46A-2-125(d) in that Defendants caused a telephone to ring or engaged Plaintiffs in telephone conversation repeatedly

6

or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten the Plaintiff.

49.     The Defendants' conduct violated W. Va. Code § 46A-2-127 in that Defendants used fraudulent, deceptive or misleading representation or means to collect or attempt to collect the Debt.

50.     The Defendants' conduct violated W. Va. Code § 46A-2-127(h) in that Defendants falsely represented the status or true nature of or the services rendered by the Defendants.

51.     The Defendants' conduct violated W. Va. Code § 46A-2-128 in that Defendants used unfair or unconscionable means to collect the Debt.

52.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the WVCCPA, including every one of the above-cited provisions.

53.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Statutory damages of between $100.00 and $1,000.00 for each violation of the West Virginia Consumer Credit and Protection Act, W. Va. Code S 46A-1-101, et seq., pursuant to W. Va. Code S 46A-5-101(1);

5.  Costs of litigation and reasonable attorney's fees pursuant to W. Va. Code, § 46A-5-104 against the Defendants;

6.  Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 28, 2013

Respectfully submitted,

By  */s/ Brian J. Headley* _____

Brian J. Headley, Attorney at Law
West Virginia Bar No. 9667
145 Historic Drive
Mount Pleasant, SC 29464
Telephone: (855) 301-2100 Ext. 5532
Facsimile: (888) 953-6237
bjheadley@yahoo.com
bheadley@lemberglaw.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Attorneys for Plaintiffs