UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JESSICA WOODS
and JOSHUA EVANS,

            Plaintiffs,

v.                                    Civil Action No. 2:13-6467

OXFORD LAW, LLC
and JOHN DOES 1-10,

            Defendants.

MEMORANDUM OPINION & ORDER

        Pending is the plaintiffs' motion to enforce the
settlement agreement, filed February 26, 2014.


I.


        The plaintiffs, Jessica Woods and Joshua Evans,
initiated this action on March 28, 2013.  In their complaint,
they allege that the defendant, Oxford Law, LLC ("Oxford"),
violated the Fair Debt Collection Practices Act, 15 U.S.C. §§
1692, et seq., and the West Virginia Consumer Credit and
Protection Act ("WVCCPA"), W. Va. Code §§ 46A-1-101, et seq., in
the course of attempting to collect an allegedly outstanding
consumer debt of $523.

Service of process on the defendant was achieved on April 15, 2013, but Oxford failed to answer the complaint. As a result, on October 22, 2013, the court ordered the plaintiffs to submit a motion for entry of default judgment by not later than November 6, 2013.

The plaintiffs thereafter "attempted to confer with [] Oxford in an attempt to resolve the matter." Plaintiffs' Motion to Enforce the Settlement Agreement ("Motion to Enforce") ¶ 4. The plaintiffs claim that, after some negotiation, the parties agreed in principle to settle this case for $6,500. On November 6, 2013, rather than filing a motion for entry of default, the plaintiffs filed a notice of settlement, indicating that the parties had reached an agreement, and advising that a voluntary dismissal would be forthcoming within sixty days.

Unfortunately, it appears that the parties had not executed a contemplated written settlement agreement. Instead, the plaintiffs' lawyer, Brian J. Headley, claims that he asked Oxford's "representative" Robert Kline to provide a draft settlement agreement, or advise whether Oxford preferred that Mr. Headley prepare the agreement. After hearing nothing from Mr. Kline for over two weeks, Mr. Headley alleges that he sent a draft agreement to Oxford on November 26, 2013. On December 3, 2013, Mr. Kline responded, proposing that the settlement funds

2

be paid in three installments, but did not provide any proposed payment dates.  According to the plaintiffs, installment payments had not previously been discussed or agreed upon, but Mr. Headley agreed.

Mr. Headley and Mr. Kline thereafter engaged in ongoing negotiations about the timing of the installment payments, and the necessity of certain substantive terms of the proposed agreement.  Ultimately, however, Oxford failed to return an executed copy of the agreement, and did not make any payments to the plaintiffs.  On January 21, 2014, Mr. Headley sent a copy of the agreement that had been executed by the plaintiffs to Oxford, and advised Mr. Kline that he intended to move the court to enforce its terms.

The pending motion followed on February 26, 2014.  In it, the plaintiffs seek an order directing Oxford to remit settlement payment in the amount of $6,500, and request attorney's fees and costs arising from the preparation of the motion to enforce the agreement.  Attached to the motion are two exhibits: an affidavit sworn by Mr. Headley, recounting much of the factual history described above; and a string of e-mail messages between Mr. Headley and Mr. Kline documenting Mr. Headley's largely frustrated efforts to consummate the putative settlement agreement.  A copy of the agreement allegedly

3

executed by the plaintiffs has not been provided to the court.
Oxford has not responded.

II.

"[T]o exercises its inherent power to enforce a
settlement agreement, a district court (1) must find that the
parties reached a complete agreement and (2) must be able to
determine its terms and conditions." Hensley v. Alcon
Laboratories, Inc., 277 F.3d 535, 540-41 (4th Cir. 2002).
Resolution of these elements, our court of appeals has
indicated, is governed by state law. See Topiwala v. Wessell,
509 F. App'x 184, 186 (4th Cir. 2013) (looking to Maryland law
to determine whether parties entered into enforceable
agreement). In West Virginia, "The fundamentals of a legal
'contract' are competent parties, legal subject-matter, valuable
consideration, and mutual assent." Syl. Pt. 5, Va. Export Coal
Co. v. Rowland Land Co., 131 S.E. 253 (1926).

Here, it appears that the parties mutually assented to
a settlement amount, but it is less clear that certain other
aspects of the putative agreement were finalized. As the e-mail
exchange between Mr. Headley and Mr. Kline demonstrates, for
example, the parties disagreed about the necessity of "Paragraph
2" of the draft agreement proposed by Mr. Headley:

4

Mr. Kline: "Hope your Thanksgiving was good. Apologies for the delay. I made a few changes: . . . Para. 2 - eliminated. Account was already closed by Oxford and Oxford does not report."

Mr. Headley: "Paragraph 2 doesn't seem to need to be eliminated. If the account was already closed and Oxford doesn't report, then I don't really understand why there would be a problem with agreeing that the account is closed, that Oxford won't try to collect again, or that any negative credit reports will be deleted."

Motion to Enforce, Ex. B at 4-5. It is also unclear whether the parties agreed to the dates on which the installment payments were set to be made. In a relevant portion of the e-mail exchange, Mr. Kline requested payment dates of December 31, 2013, January 31, 2014, and February 28, 2014. Mr. Headley responded that December 31, 2013, January 15, 2014, and January 31, 2014 would be acceptable to the plaintiffs, at which point Mr. Kline reiterated Oxford's preference to make the final payment in February, citing concerns about cash flow. Id. at 2-3.

As noted, the plaintiffs did not submit a copy of the agreement that they executed in support of their motion to enforce the settlement. As a result, it is unclear how either of the substantive terms described above were ultimately framed by the plaintiffs. In any event, the e-mail exchange and Mr.

5

Headley's affidavit make clear that Mr. Kline and Oxford never returned an executed copy of the draft agreement.  Nor is it shown that the parties mutually assented to certain material terms of the proposed settlement agreement, including, at a minimum, the inclusion of the matters referred to in the proposals for "Paragraph 2," or the schedule for settlement payments.[1]

### III.

For the reasons set forth above, it is ORDERED that the plaintiffs' motion to enforce the settlement agreement be, and it hereby is, denied without prejudice.

It is further ORDERED that the plaintiffs be, and they hereby are, directed to pursue a default judgment by submitting, no later than June 26, 2014, a motion for entry of default judgment, with appropriate affidavits and exhibits, along with a

---

[1] To the extent that the plaintiffs can demonstrate mutual assent with respect to these terms of the agreement on the basis of evidence not presently before the court, they may renew their motion to enforce the settlement agreement.  As it stands, however, no mutual assent is shown.  See O'Connor v. GCC Beverages, Inc., 391 S.E.2d 379, 380-82 (W. Va. 1990) (per curiam) ("We find that even though an agreement may have been tentatively reached during the telephone conversation between [counsel] . . . , the letters and proposed written settlement agreements that passed from one party to the other after that conversation evidence that there was no true meeting of the minds on the day [of the telephone conversation].").

detailed proposed order granting the relief requested, with notice thereof to Robert Kline, the attorney for Oxford Law, LLC, with whom plaintiffs' counsel has been negotiating.

The Clerk is directed to transmit a copy of this memorandum opinion and order to all counsel of record and any unrepresented parties.

DATED: June 6, 2014

John T. Copenhaver, Jr.
United States District Judge