IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| Jessica Woods and Joshua Evans, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 2:13-cv-06467 |
| Oxford Law, LLC; and DOES 1-10, inclusive, | : |
| Defendants. | : |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT OXFORD LAW, LLC**

Now come the Plaintiffs, Jessica Woods and Joshua Evans, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and the Court's Order entered on June 6, 2014, and move the Court to enter a default judgment against the Defendant, Oxford Law, LLC ("Oxford"). This is a civil action for damages arising from the Oxford's numerous violations of both state and federal laws regulating debt collection practices. Though this action was filed well over one year ago, Oxford has failed to appear or answer the Complaint. Accordingly, the Plaintiffs now seek a default judgment against Oxford. In support of this Motion, the Plaintiffs aver as follows:

**FACTS**

1. The Plaintiffs, Jessica Woods and Joshua Evans, are engaged to be married and reside together in Charlton Heights, West Virginia. *See* Affidavits of Joshua Evans and Jessica Woods at ¶ 1, 4, copies of which are attached as Exhibits "A" and "B," respectively.

2. The Plaintiffs incurred a financial obligation to Care Credit relating to personal services (hereinafter referred to as the "Debt"). *Id*. at ¶ 2.

3. The Debt qualifies as a "debt" pursuant to 15 U.S.C. § 1692a(5).

4. The Defendant, Oxford, is a debt collector and identifies itself as such on its Internet website, www.oxfordlawpc.com. *See* Declaration of Brian J. Headley in Support of Motion for Default Judgment at ¶ 10 (attached as Exhibit "C"); Printout from Oxford's website (attached as Exhibit "D").

5. Beginning in or around September 2012, Oxford started calling Plaintiffs on their home telephone in an attempt to collect the Debt. *See* Exhibits A, B at ¶ 4.

6. The caller identification system on Plaintiffs' phone showed that Oxford was calling from the following number: (215) 526-2600. *Id*. at ¶ 5.

7. During each conversation with Plaintiffs, Oxford's representatives only disclosed they were calling from an "attorney's office." Oxford's representatives failed to identify the true name of their company and also failed to inform the Plaintiffs that the reason for the calls was debt collection. *Id*. at ¶ 6.

8. During one conversation with Joshua, Oxford's representatives threatened the Plaintiffs by stating that Oxford would "visit" the Plaintiffs if the Debt was not paid. *Id*. at ¶ 7.

9. In other conversations, Oxford's collector told Joshua he was lying when Joshua explained Plaintiffs did not currently have the money to pay. Oxford's collector then accused Joshua of attempting to "avoid" the Debt. *Id*. at ¶ 8.

10. Upset from the harassing nature of the phone conversations, Joshua requested Oxford cease all verbal communication with Plaintiffs and conduct any future correspondence by writing. Nonetheless, Oxford continued to call Plaintiffs. *Id*. at ¶ 9.

11. Out of frustration from the repeated calls, Plaintiffs retained the services of undersigned counsel and notified Oxford of the same around early March 2013. Despite being

aware Plaintiffs had legal representation, Oxford continued to place at least one additional collection call on or about March 14, 2013. *Id*. at ¶ 10.

12.     Oxford also failed to send Plaintiffs written notice of validation of the Debt, including notice of Plaintiffs' rights under federal law. *Id*. at ¶ 11.

13.     Plaintiffs suffered damages, anger, fear, embarrassment, anxiety, emotional distress, and frustration as a result of Oxfords' repeated calls to their home phone in addition to Oxford's misleading tactics, threats and accusations. *Id*. at ¶12.

14.      On March 28, 2013, the Plaintiffs filed the instant action based on Oxford's above-described conduct and alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101, *et seq* ("WVCCPA").  Dkt. No. 1; Exhibit C at ¶ 3.

15.     On March 28, 2013, a Summons was issued as to Oxford. Dkt. No. 3.

16.     On April 8, 2013, process was served upon Oxford. Dkt. No. 4; Proof of Service (attached as Exhibit "E").

17.     More than 21 days have elapsed since the date on which service of the Summons and Complaint was served.  Exhibit C at ¶ 5.

18.     Neither Plaintiffs nor the Court have granted Defendants any extension of time to respond to the Complaint.  *Id*. at ¶ 6.

19.     To date, Oxford has not filed an appearance or otherwise responded to the Complaint. *Id*. at ¶ 7.

20.     To the contrary, on October 22, 2013, the Court ordered Plaintiffs to file a motion for the entry of a default judgment by November 6, 2013, in light of Oxford's failure to answer the Complaint. Dkt. No. 6.

21. Following the entry of the Order of October 22, 2013, Plaintiffs' counsel informed Oxford's representative, Robert Kline, of the Court's Order, and the parties discussed resolving the case. Exhibit C at ¶ 11.

22. On the very deadline established by the Court for the filing of a motion for default judgment, November 6, 2013, Oxford agreed to pay an amount acceptable to the Plaintiffs to settle the case, and the Plaintiffs filed a Notice of Settlement with the Court. *See id.* at ¶ 12; Dkt. No. 7.

23. Since November of 2013, Plaintiff's counsel has attempted on several occasions to procure payment of the agreed upon settlement funds from Oxford by contacting Mr. Kline; however, those efforts have been unavailing, and Oxford has persisted in its refusal to respond to the Complaint or consummate the settlement. Exhibit C at ¶ 13.

24. Accordingly, the Plaintiffs filed a Motion with the Court to enforce the settlement. Dkt. No. 8.

25. On June 6, 2014, the Court denied the Plaintiffs' motion to enforce the settlement agreement and directed Plaintiffs to file a request for entry of default judgment against Oxford. Dkt. No. 11.

## **ARGUMENT**

26. The Plaintiffs filed this action well over one year ago, and Oxford has failed to pled or otherwise defend.

27. Oxford's failure to timely respond has been previously recognized by the Court, *see* Dkt. No. 6; the Clerk, *see* Clerk's Entry of Default, Dkt. No. 10; and is demonstrated by the attached Exhibits.

28. Oxford is not a minor or incompetent person. *See* Exhibit C at ¶ 8, 9; Exhibit D.

29. Accordingly, the Court must enter a default judgment pursuant to Rule 55.

30. As illustrated more fully in the attached Memorandum of Law, Oxford committed several violations of federal and West Virginia statutory law, namely the FDCPA and WVCCPA.

31. The Plaintiffs are entitled to recovery of their actual damages, statutory damages of up to $1,000.00, and their attorney's fees and costs for Oxford's violations of the FDCPA. 15 U.S.C. § 1692k(a).

32. Under West Virginia law, the Plaintiffs also entitled to recover attorney's fees and costs.  See W. Va. Code § 46A-5-104.

33. The WVCCPA further entitles the Plaintiffs to recover an amount of between one hundred dollars and one thousand dollars for every violation, W. Va. Code § 46A-5-101(1), and Section 46A-5-106 allows the Court to adjust those damages to account for inflation from the time that the WVCCPA was enacted in 1974 according to the consumer price index.

34. According to the consumer price index calculator available on the United States Bureau of Labor Statistics, when adjusted for inflation, the Plaintiffs are entitled to recover between $482.56 and $4,825.56 for every violation of the WVCCPA.  Printouts from the aforementioned website calculator demonstrating are attached as Exhibit "F."

35. The Plaintiffs can conservatively establish at least four – and likely several more – separate violations of the WVCCPA.

36. The Plaintiffs are also entitled to recover their actual damages, including damages for the emotional injuries suffered at the hands of Oxford.

## CONCLUSION

37. In summary, the Plaintiffs seek an award of at least $1,000.00 in statutory damages under the FDCPA; $19,302.24 in statutory damages for at least four violations of the WVCCPA; $50,000.00 to compensate the Plaintiffs for their actual damages; and a reasonable award of their attorney's fees and litigation costs.

WHEREFORE, the Plaintiffs, Jessica Woods and Joshua Evans, respectfully move the Court to enter a default judgment against the Defendant, Oxford Law, LLC, consistent with the foregoing and that the Court award the Plaintiffs any other relief that it may deem appropriate. In support of this Motion, the Plaintiffs respectfully submit the accompanying Memorandum of Law, Proposed Order, and Exhibits.

Dated: June 26, 2014

Respectfully submitted,

 /s/ Brian J. Headley
Brian J. Headley, Esq.
The Headley Law Firm
1156 Bowman Rd., Suite 200
Mount Pleasant, SC  29464
Tel: (843) 375-6181
Fax: (843) 375-6185

*Of Counsel to:*
Lemberg Law, LLC
1100 Summer Street, 3rd Fl.
Stamford, CT 06905
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on June 26, 2014, a copy of the foregoing was filed via the electronic filing system for the Southern District of West Virginia, and that a copy was sent via email to Robert Kline (rkline@pacollaw.com) and First Class Mail, postage pre-paid, and Certified Mail, postage pre-paid, to the party listed below:

Robert Kline
Oxford Law, LLC
311 Veterans Highway, Suite 100A
Levittown, PA 19056

      /s/ Brian J. Headley
      Brian J. Headley, Esq.